**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:21cr41 |
| | ) | **Electronic Filing** |
| **MARK DANIEL FENSTERMAKER** | ) | |

<u>**MEMORANDUM OPINION**</u>

On December 14, 2021, a grand jury returned a two-count indictment charging Mark
Daniel Fenstermaker ("defendant").  The indictment charges defendant at count one with Hobbs
Act Robbery, on or about October 14, 2021, in violation of 18 U.S.C. § 1951, and at count two
with using, carrying, and brandishing a firearm during and in relation to a crime of violence, and
possession of said firearm in furtherance thereof, on or about October 14, 2021, in violation of
18 U.S.C. § 924(c)(1)(A)(ii).  Presently before the court are defendant's Motion for Discovery,
Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules
of Evidence 404(b) and 609, and Motion to Preserve Law Enforcement's Rough Notes.  For the
reasons set forth below, defendant's motions will be granted in part and denied in part.

Defendant has filed a Motion for Discovery seeking all Rule 16 material, including
disclosure of a defendant's statements, physical and documentary evidence, reports of
examinations and tests, and expert witnesses.  He further seeks all exculpatory evidence,
impeachment material, information relating to witness cooperation, evidence of bias or prejudice
by a government witness or drug use by such a witness as well as evidence of mental health
treatment and information bearing on any relationship between witnesses.

The government filed a response acknowledging its obligations under Rule 16, <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Therein, it

explicitly asserts that the government has complied with and will continue to comply with such authority.  Further, it contends that it will provide all pertinent information sought by defendant's motion for discovery in advance of trial.  Nonetheless, the government construes some of defendant's requests contained within his Motion for Discovery as seeking early disclosure of Jencks material and notes the statutory prohibition against such disclosures and the precedents following that prohibition.

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motion will be denied for a number of reasons.  First, in responding to the Motion for Discovery, the government has acknowledged its Rule 16 obligations and has indicated it will comply with those obligations fully.  Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial.  United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969).  Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession.  United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972).  In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994).  As a general matter these other areas are limited to the Jencks Act and materials available pursuant to the so-called

"Brady doctrine."  Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial.  A defendant is not entitled to conduct a wholesale review of the government's investigation.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case).  Nor is a defendant entitled to obtain a list of the government's witnesses through discovery.  See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985).  Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony.  See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used).  And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area potentially remaining in dispute concerns the disclosure of impeachment material.  As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act.  In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Id. at 87.  The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within

---

[1]     The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination.  See 18 U.S.C. § 3500(b).

the ambit of <u>Brady</u> when the credibility of the witness may have an effect on the jury's determination of guilt or innocence.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>see also</u> <u>United States v. Starusko</u>, 729 F.2d 256, 260 (3d Cir. 1984); <u>Ramos</u>, 27 F.3d at 68 (<u>Brady</u> material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (<u>quoting</u> <u>United States v.  Hill</u>, 976 F.2d 132, 134-35 (3d Cir. 1992)).  In <u>United States v. Agurs</u>, 427 U.S. 97, 107 (1976), the Supreme Court modified the <u>Brady</u> rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information.  <u>Id.</u> at 107; <u>see also</u> <u>United States v. Perdomo</u>, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called <u>Brady</u> doctrine generally is understood as a rule of minimum fairness. <u>United States v. Higgs</u>, 713 F.2d 39, 42 (3d Cir. 1983), <u>cert.</u> <u>denied</u>, 464 U.S. 1048 (1984).  It establishes a prosecutorial obligation rather than a general rule of pretrial discovery.  The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial.  This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case.  <u>See</u> <u>Higgs</u>, 713 F.2d at 42; <u>United States v. Bocra</u>, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under <u>Brady</u> require it to disclose actual exculpatory evidence without undue delay.  <u>Brady</u> impeachment material ordinarily must be disclosed "in time for its effective use at trial."  <u>Higgs</u>, 713 F.3d at 44; <u>United States v. Blackwell</u>, 954 F. Supp. 944, 968 (D.N.J. 1997).  A district court has general discretionary authority to order the pretrial disclosure of <u>Brady</u> impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice

system."  <u>Government of Virgin Islands v. Martinez</u>, 847 F.2d 125, 127 (3d Cir. 1988);

<u>Blackwell</u>, 954 F. Supp. at 968.  To the extent such material exists, the government indicates it

intends to disclose it with sufficient time for defendant to make effective use of it at trial.

        While the court recognized in <u>Higgs</u> that a defendant's due process rights to a fair trial are

not violated where the disclosure of <u>Brady</u> impeachment material occurs in time to be used

effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to

the long-standing policy of promoting the early production of all types of <u>Brady</u> material,

including impeachment and so-called <u>Higgs</u> materials.  See <u>Starusko</u>, 729 F.2d at 261 (<u>citing</u>

<u>United States ex rel. Marzeno v. Gengler</u>, 574 F.2d 730, 739 (3d Cir. 1978); <u>United States v.</u>

<u>Kaplan</u>, 554 F.2d 577, 578 (3d Cir. 1977)); <u>see</u> <u>also</u> <u>United States v. Giampa</u>, 904 F. Supp. 235,

281 (D.N.J. 1995); <u>Blackwell,</u> 954  F. Supp. at 968.  The government's early production of

<u>Higgs</u>-type impeachment material may well overlap with its subsequent production under the

Jencks Act and provide defendant with "advanced" notice of certain witnesses the government

intends to use at trial.  Nevertheless, the court notes that after disclosure is made defense counsel

can more fully advise her client regarding the appropriate development of the case, including

consideration of any plea agreement offered by the government.  In light of all of the

circumstances, the government is encouraged to disclose all <u>Brady</u> impeachment material

without further delay, and in any event it will be ordered to produce all such material no later

than ten business days prior to trial.[2]

---

[2]        Of course, this ruling has no bearing on the government's disclosure of information that
falls solely under the Jencks Act.  It is well-settled that the plain language of the Jencks Act
precludes a court from compelling the disclosure of Jencks Act material prior to the completion
of a government witness' testimony on direct examination. <u>See</u> <u>United States v. Hill</u>, 976 F.2d
132, 140 (3d Cir. 1992); <u>United States v. Murphy</u>, 569 F.2d 771, 773 (3d. Cir.), <u>cert.</u> <u>denied</u>, 435
U.S. 955 (1978).  Although courts lack the authority to order the early disclosure of Jencks
material, the Third Circuit nevertheless has endorsed and encouraged the government's

Defendant also moves for timely notice of any prior bad acts and past criminal convictions the government intends to introduce pursuant to Rules 404(b) and 609. The government responds that a trial has not been scheduled, but when a date is set, and if the government seeks to introduce such evidence, it will comply with both Rule 404(b) and Rule 609's notice and timing requirements.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of the general nature of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes as "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in United States v. Williams, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

---

prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar disclosure requirement under Rule 609(a).[3] Consequently, the court can only order the government to provide advanced written notice of its intent to proffer Rule 609(b) evidence.

The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b). To the extent it becomes aware of any such evidence and intends to use it at trial, it will be required to provide notice of that intent at the same time it provides notice under Rule 404(b), at least ten business days prior to trial.

Defendant also requests a pretrial hearing to determine the admissibility of any Rule 404(b) or Rule 609(b) evidence the government identifies in its notice. Defendant notes that such a hearing will provide a timely and orderly way to assure the prerequisites for admissibility are present and any potential undue prejudice from the use of such information is properly weighed under Rule 403. The government opposes such a request as unnecessary and premature because a trial date has not been set.

The parties requested a Pre-Plea Presentence Report which reflects a summation of

---

[3]   Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

defendant's criminal past.  It highlights at least seven separate criminal cases and sentences.  It is well settled that a court is not required to hold a pre-trial hearing on the admissibility of Rule 404(b) and Rule 609(b) evidence simply because a defendant requests one.  See, e.g., United States v. Blackwell, 954 F. Supp. 944, 969 (D. N.J. 1997) (generally, ruling on the admissibility of any particular piece of evidence under Rule 404(b) during the course of trial sufficiently safeguards the defendant's rights).  One reason for this is that the defendant's actual testimony often is necessary to conduct any proper balancing when it comes to the use of impeachment evidence such as a prior conviction under Rule 609(a).  See Luce v. United States, 469 U.S. 38, 41 (1984) (noting the difficulty of reviewing evidentiary rulings made outside the trial record, particularly "under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant.  To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.").

Nevertheless, the court will exercise its discretion and conduct a pretrial hearing here on the admissibility of any Rule 404(b) evidence and Rule 609(b) evidence the government identifies in its notice.  As noted by defendant, there is a substantial body of law in the Third Circuit that requires the government to establish (and in turn the court to assure) the requisite chain of logical inferences is present before Rule 404(b) evidence can be admitted.  And that chain of inferences usually is not dependent upon the testimony of the defendant or the theory of the defense.  United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014).  Instead, "the burden of identifying a proper purpose rests with the proponent of the evidence, usually the government."  Id. (citing United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013) (discussing proponent's burden to identify a proper purpose and explain how the proffered evidence is

relevant to that purpose) and <u>United States v. Sampson</u>, 980 F.2d 883, 887 (3d Cir. 1992) (same)).  There are four distinct steps the court must take before evidence may be admitted, including requiring the government when proffering such evidence to "explain how it fits into a chain of inferences - a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference" and exercising "care and precision . . . in ruling on the admission of prior act evidence for a non-propensity purpose." <u>Id.</u> at 277.

The court will be issuing a trial management order in conjunction with the issuance of this memorandum opinion.  And while the court could wait until the proffer of such evidence in the midst of trial, the impact such an approach has on the ability of the court to meet its obligation to exercise the care and precision required in making and explaining any such ruling should not be discounted merely for the sake of convenience.  Similarly, the scheduling of such a hearing can be accomplished without causing any potential for undue prejudice to the government through premature disclosure.  Consequently, the court will hold this aspect of defendant's motion open and schedule a hearing on the admissibility of any such evidence identified in the government's notice; the hearing will be held a few days before the commencement of trial.

Defendant also requests an order directing all government agents and law enforcement officials involved in any aspect of this case to preserve all rough notes made during the course of the investigation.  He further requests that any such materials be reviewed for favorable statements or information.  The government indicates it is cognizant of its obligations and will comply with those obligations.

In <u>United States v. Vella</u>, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court

can determine whether the notes should be made available to the defendant under the rule in Brady . . . or the Jencks Act." Id. at 276.  In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor.  Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259.  The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring all government agents to preserve their rough notes and writings will be granted.  Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady and/or the Jencks Act.  To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court.  To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

For the reasons set forth above, defendant's pretrial motions will be granted in part and

10

denied in part.  An appropriate order will follow.


Date: August 3, 2023

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Paul S. Sellers, AUSA
        Sarah E. Levin, AFPD


        United States Marshals Office
        United States Probation Office

        (*Via CM/ECF Electronic Filing*)